IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

BERNARD TORRENCE                                                              PLAINTIFF

vs.                                    Civil No. 1:08-cv-01010

MICHAEL J. ASTRUE                                                             DEFENDANT
Commissioner, Social Security Administration

### MEMORANDUM OPINION

Bernard Torrence ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his application for a period of disability and for Disability Insurance Benefits ("DIB") under Title II of the Act. The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings.  (Doc. No. 4).[1]  Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1. Background:**

Plaintiff filed his application for DIB on May 12, 2006.  (Tr. 12, 42-44).  Plaintiff alleged he was disabled due to an enlarged heart, shortness of breath, and "fluid buildup."  (Tr. 66).  Plaintiff alleged an onset date of May 12, 2006.  (Tr. 67).  These applications were initially denied on July 24, 2006 and were denied again on reconsideration on November 3, 2006.  (Tr. 31-32).

On November 16, 2006, Plaintiff requested an administrative hearing on his application.  (Tr.

---

[1] The docket numbers for this case are referenced by the designation "Doc. No."  The transcript pages for this case are referenced by the designation "Tr."

1

28-29). This hearing was held on June 1, 2007 in Little Rock, Arkansas. (Tr. 118-138). Plaintiff was present and was represented by counsel, Denver Thornton, at this hearing. *See id.* Plaintiff and Vocational Expert ("VE") Ken Waits testified at this hearing. *See id.* On the date of this hearing, Plaintiff was forty-four (44) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c) (2008), and had completed the eleventh grade in school. *See id.*

On November 10, 2007, the ALJ entered an unfavorable decision denying Plaintiff's application for DIB. (Tr. 12-19). In this decision, the ALJ determined Plaintiff met the insured status requirements of the Act through December 31, 2010. (Tr. 14, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since May 12, 2006, his alleged onset date. (Tr. 14, Finding 2). The ALJ determined Plaintiff had the following severe impairments: congestive heart failure, hypertension, cardiomegaly, and obesity. (Tr. 14, Finding 3). The ALJ also determined, however, that Plaintiff did not have an impairment or a combination of impairments that met or medically equaled one of the listed impairments in the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 14-15, Finding 4).

In this decision, the ALJ also evaluated Plaintiff's subjective complaints and determined his Residual Functional Capacity ("RFC"). (Tr. 16-18). At the administrative hearing, Plaintiff claimed he was disabled because he suffered from severe shortness of breath and was told by his doctor that he could not do "lifting or straining" any longer. (Tr. 123). Plaintiff claimed the maximum he could lift with his limitations was twenty pounds. (Tr. 124). Plaintiff claimed he suffered from numbness in his hands due to his impairments. (Tr. 126). Plaintiff claimed he suffered from hypertension that was apparently well-controlled with medicine. (Tr. 126). Plaintiff claimed he had trouble going up and down the stairs because of his shortness of breath. (Tr. 129). Plaintiff claimed he had trouble

walking without suffering from fatigue. (Tr. 130-131).

The ALJ evaluated these subjective complaints and allegedly disabling symptoms pursuant to the requirements and factors of *Polaski v. Heckler,* 739 F.2d 943 (8th Cir. 1984). (Tr. 12-19). After reviewing these factors, the ALJ discounted Plaintiff's subjective complaints of disabling pain and other limitations. *See id.* The ALJ discounted Plaintiff's subjective complaints based upon several inconsistencies in the record, including the following: (1) Plaintiff was able to care for his personal hygiene, despite his complaints of severe restrictions on his daily activities due to his impairments; (2) there was no objective medical evidence to support Plaintiff's claim that he was totally disabled; and (3) there was no objective medical evidence to support Plaintiff's claim that he suffered from the limitations he alleged. *See id.*

The ALJ then determined Plaintiff would be unable to perform his Past Relevant Work ("PRW") but would be able to perform other work existing in significant numbers in the national economy. (Tr. 17-19, Findings 6, 10). Plaintiff and the VE testified at the administrative hearing regarding these issues. (Tr. 118-138). Based upon their testimony regarding Plaintiff's PRW, the ALJ determined Plaintiff's PRW could be categorized as work as a log truck driver (very heavy, semi-skilled, as performed). (Tr. 17-18, Finding 6). The ALJ then determined that, considering Plaintiff's RFC, Plaintiff would be unable to perform this PRW. (Tr. 17-18, Finding 6).

At the administrative hearing, the VE also testified regarding Plaintiff's ability to perform other work existing in significant numbers in the national economy. (Tr. 18-19, Finding 10). The VE testified that a hypothetical person with Plaintiff's RFC, age, education, and work experience would be able to perform work as an assembler (such as a lamp shade assembler) with 1,000 such jobs in the State of Arkansas and 59,000 such jobs in the nation. (Tr. 19, 136-137). Based upon this

testimony and in accordance with the framework of the Medical-Vocational Guidelines (the "Grids"), the ALJ determined Plaintiff had not been under a disability, as defined by the Act, from May 12, 2006 through the date of the ALJ's decision or through November 10, 2007.  (Tr. 19, Finding 12).

On November 16, 2007, Plaintiff requested that the Appeals Council review the ALJ's unfavorable decision.  (Tr. 8).  *See* 20 C.F.R. § 404.968.  On November 10, 2007, the Appeals Council declined to review the ALJ's unfavorable decision.  (Tr. 9-11).  On February 12, 2008, Plaintiff filed the present appeal  (Doc. No. 1).  The parties have consented to the jurisdiction of this Court on February 26, 2008.  (Doc. No. 4).  Both parties have filed appeal briefs.  (Doc. Nos. 6, 9).  This case is now ready for decision.

**2. Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  *See* 42 U.S.C. § 405(g) (2006);  *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002).  Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently.  *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001).  If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  *See Young v. Apfel,* 221 F.3d 1065,

1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

3. **Discussion:**

Plaintiff brings the present appeal claiming the following: (A) the ALJ erred in evaluating Plaintiff's subjective complaints; (B) the ALJ erred by failing to fully consider the "nature and effect" of Plaintiff's congestive heart failure, hypertension, cardiomegaly, and obesity; and (C) the ALJ erred by presenting an improper hypothetical to the VE. (Doc. No. 6, Pages 3-13). In response, Defendant claims that the ALJ properly evaluated Plaintiff's subjective complaints, that the ALJ's RFC determination is supported by substantial evidence, and that the ALJ properly determined Plaintiff could perform other work existing in significant numbers in the national economy. (Doc. No. 9, Pages 4-15). Because the ALJ erred in evaluating Plaintiff's subjective complaints, this Court will only address that issue.

In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[2] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322. The factors must be analyzed and considered in light of the claimant's subjective complaints of pain. *See id.* The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d

---

[2] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In this case this Court finds that the ALJ's credibility analysis is insufficient. In performing this analysis, the ALJ stated the *Polaski* factors, reviewed Plaintiff's daily activities and medical records, and then discounted Plaintiff's subjective complaints. (Tr. 16-17). Specifically, the ALJ discounted Plaintiff's subjective complaints based upon the following three findings: (1) Plaintiff was able to care for his personal hygiene, despite his complaints of severe restrictions on his daily activities due to his impairments; (2) there was no objective medical evidence to support Plaintiff's claim that he was totally disabled; and (3) there was no objective medical evidence to support Plaintiff's claim that he suffered from the limitations he alleged. *See id.*

For the first finding, in evaluating his daily activities, the ALJ decided to discount Plaintiff's

subjective complaints because he found Plaintiff was *able to care for his personal hygiene.* (Tr. 17). However, the Eighth Circuit has repeatedly held that a social security claimant can have *some* limitations on his daily activities and still be disabled and "need not be bedridden in order to be unable to work." *Roberson v. Astrue,* 481 F.3d 1020, 1025 (8th Cir. 2007). Furthermore, despite this ability to care for his personal hygiene, the ALJ also noted that Plaintiff claimed that, due to his impairments, he "no longer drives an automobile or perform[s] any household chores." (Tr. 17). The ALJ did not specifically address this claim or Plaintiff's other claimed limitations on his daily activities. Accordingly, the fact that Plaintiff may have an ability to care for his personal hygiene does not provide a basis for discounting his subjective complaints.

For the second and third findings, the ALJ determined that Plaintiff's subjective complaints were not consistent with his medical records. (Tr. 16-17). Specifically, the ALJ found that Plaintiff's medical records did not support his claim that his impairments were disabling because (1) Plaintiff was asymptomatic since his hospitalization in May of 2006; (2) Plaintiff's gait and extremities were normal, and he had no neurological defects; and (3) Plaintiff's medical records provided no objective evidence to support his claim that he could only perform limited daily activities. (Tr. 17)*.*

However, even assuming that all these findings regarding Plaintiff's medical records are accurate, the ALJ still did not properly evaluate Plaintiff's subjective complaints. The entire reason a credibility or *Polaski* analysis is required is to consider factors *other than* a claimant's medical records. *See Polaski*, 739 F.2d at 1322 (holding that "[t]he adjudicator may not disregard a claimant's subjective complaints solely because the objective medical evidence does not fully support them."). Instead of merely reviewing the claimant's medical records, the ALJ is required

8

to consider the *Polaski* factors in order to evaluate the *entire* transcript. *See id.* They require a discussion of such practical issues as the claimant's daily activities, the claimant's medication, the claimant's pain, the claimant's precipitating and aggravating symptoms, and the claimant's functional limitations and restrictions. *See id.*

For example, in the present action, in evaluating Plaintiff's subjective complaints, the ALJ could have *at least* evaluated Plaintiff's consistent work record (spanning over twenty years); the duration, frequency, and intensity of Plaintiff's pain; and Plaintiff's medications. While this Court does not find that the ALJ was required to expressly consider *every Polaski* factor in his credibility determination, this Court finds that the ALJ should acknowledge and consider several of those factors. *See Strongson v. Barnhart,* 361 F.3d 1066, 1072 (8th Cir. 2004) (citation omitted) (holding that the "ALJ need not explicitly discuss each *Polaski* factor"). Because the ALJ failed to provide a full *Polaski* analysis, this Court finds this case must be reversed and remanded for further evaluation of Plaintiff's subjective complaints.

### 4. Conclusion:

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and must be reversed and remanded. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 24th day of December, 2008.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE